In re the SOUTHERTON CORPORATION, Debtor.

The SOUTHERTON CORPORATION, Plaintiff,

v.

UNITED PENN BANK, Defendant.

Bankruptcy No. 5–80–00414.
Adv. No. 5–80–0205.

United States Bankruptcy Court,
M. D. Pennsylvania.

Oct. 13, 1981.

Paul R. Rosen, Russell Henkin, Spector, Cohen, Hunt & Rosen, P. C., Philadelphia, Pa., for plaintiff.

Arthur L. Piccone, Robert N. Opel, Hourigan, Kluger, Spohrer Associates, Wilkes-Barre, Pa., for defendant.

## OPINION AND ORDER

THOMAS C. GIBBONS, Bankruptcy Judge:

On August 8, 1980, the debtor, The Southerton Corporation, filed a voluntary petition for an order for relief under Chapter 11 of the Bankruptcy Code (11 U.S.C.A. § 1101 et seq.). Thereafter the United Penn Bank filed a proof of claim in the face amount of $965,139.43 together with a claim for interest from August 8, 1980.

The debtor Southerton instituted this adversary proceeding by complaint on December 1, 1980, entitled "Complaint to Discharge Claim and for Damages." It is alleged that United Penn, through various misrepresentations, fraudulently induced Southerton into signing an agreement dated December 4, 1978, settling certain litigation then pending, and thereafter prevented Southerton from complying with the terms of the agreement resulting in Southerton's default and, eventually, in its failure to repay the Bank the balance due on the underlying obligation which was the subject of the litigation.[1] In its prayer for relief Southerton requests that the Court "mark as discharged the full amount of the debt allegedly due United Penn Bank, and to mark as satisfied the mortgage and judgment which act as a lien on the plaintiff's property . . . and to assess damages against the Bank in excess of $6,000,000.00." In response to the complaint the Bank filed motions under Federal Rule 12(b) seeking (1) to dismiss the complaint and (2) a more definite statement. It also requested an award of attorneys fees.

Oral argument was held on the motions on February 18, 1981, during which counsel for Southerton advised the Court that it would file an amended complaint in response to the Bank's motion for a more definite statement. The Court permitted the amendment and also requested that counsel file supplemental briefs addressing the issue of whether or not the Bankruptcy Court should abstain from exercising jurisdiction over the matter pursuant to 28 U.S. C.A. § 1471.

On March 24, 1981, Southerton filed an amended complaint setting forth more specifically the acts of the Bank which were allegedly fraudulent. The Bank responded on April 8, 1981, with substantially the

---

1. Judgment by confession was entered on June 19, 1978, following Southerton's default of its obligations under the terms of a mortgage and accompanying bond executed pursuant to a $700,000.00 loan of United Penn to Southerton secured by a mortgage on a tract of land in Pike County.

same motions previously filed together with a renewed motion for a more definite statement, a motion to strike the amended complaint, and a motion requesting that the Court abstain from exercising jurisdiction. Briefs were subsequently filed by each party in support of its respective position.

The Court in the interest of justice has decided to abstain from exercising jurisdiction over this adversary proceeding pursuant to Section 1471(d) of Title 28 of the U.S.Code. We therefore grant United Penn's motion to abstain and, as a result, find it unnecessary to consider the other motions raised by the Bank.

## DISCUSSION

■ Congress did not give bankruptcy courts exclusive jurisdiction over all controversies which in some way affect the debtor's estate. Jurisdiction of state courts and the bankruptcy court is concurrent as to civil proceedings arising in or related to cases under Title 11. *In re Williams*, 3 B.R. 401 (Bkrtcy., N.D.Ga.1980). Section 1471 of 28 U.S.C. provides as follows:

(a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.

(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11.

(c) The bankruptcy court for the district in which a case under title 11 is commenced shall exercise all of the jurisdiction conferred by this section on the district courts.

(d) Subsection (b) or (c) of this section does not prevent a district court or a bankruptcy court, in the interest of justice, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11. Such abstention, or a decision not to abstain, is not reviewable by appeal or otherwise.

(e) The bankruptcy court in which a case under title 11 is commenced shall have exclusive jurisdiction of all of the property, whereever located, of the debtor, as of the commencement of such case.

Added Pub.L. 95–598, Title 11, § 241(a), Nov. 6, 1978, 92 Stat. 2668.

■ Although the bankruptcy court has jurisdiction over all claims and causes of action relating to bankruptcy matters under the above statute, the court is also given the authority to decline jurisdiction in the interest of justice under subsection (d). *In re Kimrey*, 10 B.R. 466 (Bkrtcy., M.D.N.C. 1981). Therefore, even if a bankruptcy court determines that it has jurisdiction over a particular adversary proceeding, it may, in its discretion, decline to exercise such jurisdiction. *In re CO Petro Marketing Group, Inc.*, 6 B.R. 119 (Bkrtcy., C.D. Cal.1980).

There are few reported decisions under the 1979 Code with respect to § 1471(d). See *In re Kimrey*, supra. However, in the *Matter of Jewel Terrace Corp.*, 3 B.R. 36 (Bkrtcy., E.D.N.Y.1980), the Bankruptcy Court for the Eastern District of New York held that where there has been a prior state court proceeding or issues involving state court expertise, it is proper to defer to state court.

■ In the instant case Southerton has charged, *inter alia*, that the Bank fraudulently induced it to enter into a settlement agreement which required Southerton to withdraw an appeal from an order of the Court of Common Pleas of Pike County denying a petition to open a judgment. The judgment was entered by confession pursuant to a warranty of attorney contained in a bond accompanying a mortgage transaction between the parties. Although the appeal was abandoned allegedly due to the terms of the settlement agreement in question, the debtor Southerton is still entitled to seek appropriate relief in state court from that judgment since it now alleges acts of misconduct by the Bank subsequent to the withdrawal of the appeal. It is sig-

nificant to note that the prayer for relief in the original complaint filed by the plaintiff requested that the Court "mark as discharged the full amount of the debt allegedly due to United Penn Bank, and *to mark as satisfied the mortgage and judgment* which act as a lien on the plaintiff's property known as the Escape, and, to assess damages against the Bank . . ." (Emphasis added.) However, the prayer for relief in the amended complaint seeks only money damages. We feel that the nature and scope of relief from a judgment entered in state court are matters peculiarly within the expertise of the state court notwithstanding the fact that the plaintiff has now fashioned its prayer for relief in terms of money damages. Likewise, an action for money damages based on fraud is more appropriately disposed of in state court.

It was clearly the intent of Congress to give the bankruptcy court original jurisdiction over all civil proceedings arising under Title 11 or arising in or related to cases under Title 11. However, this Court holds that it is in the best interest of all parties to abstain from hearing this matter which involves issues of fraud and relief from judgments under Pennsylvania law.

Now, therefore, based on the foregoing it is

ORDERED that pursuant to the authority granted this Court under 28 U.S.C. § 1471(d), this Court abstains from exercising jurisdiction over this adversary proceeding.

Having abstained from exercising its jurisdiction, this Court does not decide the other issues raised by defendant's motions.