In re Roy M. BRUNELL, Jr. and Diane
L. Brunell, a/k/a Diane L.
Cuppy, Debtors.

Roy M. BRUNELL, Jr. and Diane L.
Brunell, Plaintiffs,

v.

FEDERAL NATIONAL MORTGAGE
ASSOCIATION, Defendant.

Bankruptcy No. 82–01656 T.
Adv. No. 83–2243.

United States Bankruptcy Court,
E.D. Pennsylvania.

March 28, 1985.

David A. Scholl, Allentown, Pa., for plaintiffs.

Joseph A. Goldbeck, Jr., Philadelphia, Pa., for defendant.

Frederick L. Reigle, Reading, Pa., trustee.

## MEMORANDUM OPINION

THOMAS M. TWARDOWSKI, Bankruptcy Judge.

In this adversary proceeding, the Chapter 13 debtors/plaintiffs seek to set aside the pre-petition sheriff's sale of their real property. The only disputed issue in this proceeding is whether, under 11 U.S.C. § 548(a)(2)(A), the debtors received a "reasonably equivalent value" in exchange for the transfer of said property to the defendant pursuant to the sheriff's sale. For the following reasons, we conclude that the debtors did receive such reasonably equivalent value and that, therefore, the sheriff's sale will not be set aside.[1]

This matter is presently before us upon the parties' cross-motions for summary judgment. The following relevant facts appear of record. The subject property had a fair market value of approximately $31,000.00 at the time of the pre-petition sheriff's sale. The defendant was the foreclosing creditor and had a mortgage lien against the property in the amount of $29,630.83 at that time. At the sheriff's sale, the property was sold to the defendant for the nominal bid price of $1.00. In addition, the defendant paid to the sheriff the unspecified costs of conducting the sale. If we set aside the sheriff's sale, there is a possibility that the United States Department of Housing and Urban Development ("HUD") would accept an assignment of the mortgage. For reasons not germane to the present proceeding, the debtors continue to reside in the subject real property.

 For the purpose of determining "reasonably equivalent value" under 11 U.S.C. § 548(a)(2)(A), it is well-established that, with regard to Pennsylvania sheriff's sales, the debt owed by the mortgagor to the foreclosing mortgagee is added to the price paid by the mortgagee at the sheriff's sale in computing the value received by the mortgagor in exchange for the real property sold. *In re New Yorketown Associates,* 40 B.R. 701 (Bankr.E.D.Pa.1984); *In re Dudley,* 38 B.R. 666 (Bankr.M.D.Pa.1984); *Also see In re Southerton Corp.,* 17 B.R. 472 (Bankr.M.D.Pa.1981). On this basis, the debtors received at the sheriff's sale more than $29,000.00 of value in exchange for their property having a fair market value of approximately $31,000.00. If these are the operative figures, there can be no dispute that the debtors received reasonably equivalent value under 11 U.S.C. § 548(a)(2)(A).

 The debtors, however, argue that the value of their interest in the subject property, immediately before the sheriff's sale, was considerably greater than the fair market value thereof. First, they contend that they held a "possessory interest" in the property as their residence in that their home was, and is, comfortable for their family. The debtors cite no authority for the consideration of such an interest in the present context nor do they attempt to ascribe a value thereto. We find this contention to be without merit. The potential loss of a "possessory interest" in a residence is simply a natural incident of a mortgage foreclosure situation and we find no basis whatsoever for considering such alleged interest in the present context, much less attempting to ascribe some reasonable value thereto. We also note that none of the many cases interpreting 11 U.S.C. § 548(a)(2)(A) which we have reviewed has even considered this factor.

---

1. This Memorandum Opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052.

**832**

The debtors' other argument is based upon their contention that, immediately before the sheriff's sale (and even today if the sheriff's sale is set aside), the possibility existed that HUD would accept an assignment of their mortgage, thereby saving their home. The debtors argue that this possibility constitutes a valuable interest of the debtors in the property and that this interest should be added to the fair market value of the property in determining the debtors' interest therein for purposes of 11 U.S.C. § 548(a)(2)(A). With such addition, claim the debtors, the debtors' interest in the property would be sufficiently great so as to preclude our finding that they received reasonably equivalent value therefor pursuant to the sheriff's sale. The debtors cite no authority for this argument and we are not aware of any authority which would even marginally support such an argument. While we find this argument to be interesting, we seriously doubt that Congress intended that merely a potential and unquantifiable alleged interest in property, such as the "possibility of assignment" interest alleged by the debtors herein, should be recognized under 11 U.S.C. § 548(a)(2)(A). However, assuming *arguendo* to the contrary, the debtors, nevertheless, have the burden of proof on the "reasonably equivalent value" issue. *See In re Coleman,* 21 B.R. 832 (Bankr.S.D.Tex.1982); *Matter of Curtina International, Inc.,* 23 B.R. 969 (Bankr.S.D.N.Y. 1982); 4 Collier on Bankruptcy Paragraph 548.10 (15th Ed.1985).

Assuming that their "possibility of assignment" interest is of some value, the debtors do not even attempt to ascribe a value to such interest nor do they meaningfully attempt to show, if the sheriff's sale is set aside, the likelihood of the assignment actually taking place or the actual consequences of the assignment. Therefore, we find that the evidence pertaining to this potential assignment is much too vague and speculative to satisfy the debtors' burden of proving that they did not receive "reasonably equivalent value" in exchange for the sheriff's sale of their property.

For all of the foregoing reasons, we conclude that the sheriff's sale shall not be set aside, that the defendant's motion for summary judgment shall be granted, and that the debtors' motion for summary judgment shall be denied.