In re Roy M. BRUNELL, Jr.

Roy M. BRUNELL, Jr., et al.

v.

FEDERAL NATIONAL MORTGAGE ASSOCIATION.

Civ. A. No. 85–2546.

United States District Court, E.D. Pennsylvania.

July 25, 1985.

David A. Scholl, Lehigh Valley Legal Services, Inc., Bethlehem, Pa., for plaintiffs.

Joseph A. Goldbeck Jr., Philadelphia, Pa., for Federal Nat. Mortg. Ass'n.

## MEMORANDUM AND ORDER

HUYETT, District Judge.

Plaintiffs-appellants Roy M. Brunell, Jr. and Diane Brunell, formerly Diane L. Cuppy ("plaintiffs"), filed this appeal from an order of the United States Bankruptcy Court for the Eastern District of Pennsylvania issued March 28, 1985, 47 B.R. 830, which granted summary judgment to defendant-appellee Federal National Mortgage Association ("defendant").

*Case History*

Plaintiffs commenced this adversarial action pursuant to 11 U.S.C. § 548(a)(2), *et seq.*, on October 26, 1983 to set aside a sheriff's sale of their home to defendant, their mortgagee, on April 8, 1982. Plaintiffs filed for Chapter 13 bankruptcy on April 14, 1982, six days after the sheriff's sale of their home. After learning that the loss of their home could possibly have been avoided by assigning their mortgage to the United States Department of Housing and Urban Development ("HUD"), plaintiffs instituted this adversarial action.

On March 16, 1984, the parties stipulated that defendant would not convey the premises to a third party or attempt to evict plaintiffs until a decision on cross-motions for summary judgment was rendered. Plaintiffs are still residing at the house in question. Judge Thomas M. Twardowski of the Bankruptcy Court for the Eastern District of Pennsylvania issued a memorandum opinion and order on March 28, 1985, granting defendant's motion for summary judgment. Thereafter, plaintiffs filed an appeal of the decision to this court.

Presently pending before me is plaintiffs' appeal of the order granting defendant's motion for summary judgment. Plaintiffs have also renewed their summary judgment motion.

*Discussion*

"The district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees ... of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title. An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving." 28 U.S.C. section 158. The scope of this appeal is whether the bankruptcy court erred in applying legal precepts.

The parties do not dispute the findings of fact of the bankruptcy court. The court found: (1) at the time of the sheriff's sale, the property in question had a fair market value of approximately $31,000; (2) defendant was the foreclosing creditor and had a mortgage lien of $29,630.83; (3) defendant purchased the property at the sheriff's sale for the nominal bid of $1.00; and (4) a possibility existed that HUD would accept an assignment of the mortgage.

Sections 548(a)(2)(A) and (B)(i) of Title 11 of the United States Code states:

(a) The trustee may avoid any transfer of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within one year before the date of the filing of the petition, if the debtor—...

(2)(A) received less than a reasonably equivalent value in exchange for such transfer or obligation; and

(B)(i) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation; ... [or other non-applicable alternatives].

In the past, courts have granted this relief and avoided similar transfers when these requirements were met.[1] *See e.g., In Re: Matter of Ewing*, 33 B.R. 288 (Bankr.W.D. Pa.1983); *In Re: Jones*, 20 B.R. 988 (Bankr.E.D.Pa.1982).

In the present case, it is clear that the transfer occurred within one year before the filing date of the petition for bankruptcy; in fact, the sheriff's sale took place only six days prior to filing the petition. There is also no dispute that plaintiffs were insolvent at the date of the sale. The ques-

tion at issue then, is whether Judge Twardowski correctly concluded that plaintiffs received "reasonably equivalent value" upon transfer of their property at the sheriff's sale.

In claiming that they did not receive the reasonably equivalent value for their home, plaintiffs argue that the only figure the court should consider in determining "value" from the sale is the $1.00 received at the sale and that the amount, if any, by which their debt was satisfied is irrelevant. Plaintiffs cite two 1938 Pennsylvania Supreme Court cases in support of this position. Noting that "the satisfaction of the deficiency judgment does not meet the requirements of the petition," the court in *Home Owners Loan Corp. v. Eiden*, 329 Pa. 532, 533, 198 A. 114 (1938), held that the price realized at the sheriff's sale was not reasonably equivalent to the value of the property sold. Because the sum realized at the sale was grossly inadequate, plaintiffs were entitled to have the sale set aside and have the property put to a second sale where it might bring a price in excess of plaintiffs' debt. *Id.* The court in *Peoples Pittsburgh Trust Co. v. Blickle*, 330 Pa. 398, 199 A. 213 (1938), held that large discrepancies between the property's fair market value and value received at sale would justify setting the sale aside. The Court did not address the issue of what constitutes "value." Apparently, however, the court did not include debt satisfaction in its determination.

■ Arguably, under these two cases, plaintiff received only $1.00 for property with a fair market value of $31,000. This would not be a "reasonably equivalent value."[2] Recent developments in the bank-

1. 11 U.S.C. § 522(g)(1) states:

(g) Notwithstanding sections 550 and 551 of this title, the debtor may exempt under subsection (b) of this section property that the trustee recovers under section 510(c)(2), 542, 543, 550, 551, or 553 of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if—

(1)(A) such transfer was not a voluntary transfer of such property by the debtor; and

(B) the debtor did not conceal such property; ...

Plaintiffs can take the position of the trustee for the purposes of this section because the sale of their home was an involuntary transfer, the home was never concealed, and their interest in the home could have been and was exempted pursuant to 11 U.S.C. § 522(d)(1). *In Re: Dudley*, 38 B.R. 666 (Bankr.M.D.Pa.1984).

2. In support of their position that the sheriff's sale did not realize a reasonable equivalent to the fair market value of plaintiffs' property, plaintiffs developed a hypothetical situation in which the sale realized $18,000, the plaintiffs

ruptcy area, however, undermine whatever precedential value these cases may have had. The most important of these developments is the enactment of 11 U.S.C. § 548(d)(2)(A) which defines "value" under this section to include "satisfaction or securing of a present or antecedent debt of the debtor." Therefore, defendant argues that, based on this definition, any amount of plaintiffs' debt which is satisfied must be added to the price paid at sheriff's sale to determine the value received from the sale.

Plaintiffs contend, however, that only $1.00 of their debt is satisfied and that mortgage foreclosure does not bar a subsequent proceeding to recover any deficiency on the bond. Although defendant might be able to institute a personal action subsequent to an *in rem* foreclosure to recover any deficiency, it would have to comply with the Deficiency Judgment Act. *See National Council of the Junior Order of United American Mechanics v. Zytnick,* 221 Pa.Super. 391, 293 A.2d 112 (1972); *Marine Midland Bank v. Surfbelt, Inc.,* 718 F.2d 611 (3d Cir.1983).

The Deficiency Judgment Act, 42 Pa.C.S. § 8103, states that, "After the hearing and the determination by the court of the fair market value of the property sold, the debtor ... shall be released and *discharged of such liability to the judgment creditor to the extent of the fair market value of said property ...*" (emphasis added). Therefore, even though defendant could pursue an action to recover any deficiency judgment, no deficiency exists because plaintiffs' debt was less than the fair market value of the property. The purpose of the Deficiency Judgement Act was to remedy the inequity under which a creditor could purchase real estate for a nominal amount at forced sale and still retain full amount of judgment against the debtor. *Shrawder v. Quiggle,* 256 Pa.Super. 303, 389 A.2d 1135 (1978). The Act was designed to remedy the exact type of problem of which plaintiff complains.

Defendant cites recent authority that supports adding the amount of debt satisfied to the price realized at sheriff's sale in order to determine the "value" received from the sale. For example, *In Re: Yorketown Associates,* 40 B.R. 701 (Bankr.E.D. Pa.1984), held that a sheriff's sale would not be set aside because it generated "reasonably equivalent value" for the property when the indebtedness that was satisfied through foreclosure proceeding was added to the amount bid at sale. By adding a $3,000,000 debt satisfaction to a bid of $297,000, the court found the value to be equivalent to a fair market value that was in excess of $2,000,000. *See also In Re: Dudley,* 38 B.R. 666 (Bankr.M.D.Pa.1984); *In Re: The Southerton Corp. v. United Penn Bank,* 17 B.R. 472 (Bankr.M.D.Pa. 1981); *Vend-A-Matic, Inc. v. Frankford Trust Co.,* 296 Pa.Super. 492, 442 A.2 1158 (1982).

 Based on the above cases and the Deficiency Judgment Act, 42 Pa.C.S. § 8103, the amount of debt that is satisfied is added to the sale price to determine the

---

indebtedness was $16,000 and the fair market value of the property was $31,000. If the sale realization of $18,000 were added to the debt of $16,000, the sum, $34,000, would exceed the $31,000 market value. Plaintiffs argue that, in that situation, they would have an equity of $15,000 ($31,000–$16,000) but would only receive $2,000 from the sale ($18,000–$16,000) and would therefore lose $13,000 in equity. Plaintiffs' analysis would be applicable if a third party had purchased the property at the sheriff's sale for $18,000. In that case, the first $16,000 of the $18,000 would have to be applied to defendant's lien and $2,000 would be left for plaintiffs. A court could reasonably find, under such circumstances, that the $18,000 was not a reasonably equivalent value.

In this case, however, the creditor/mortgagee has bought the property at the public sheriff's sale and has both paid a dollar amount and promised to extinguish the indebtedness up to the fair market value. Using plaintiffs' numbers, defendant would pay $18,000 in cash and extinguish the $16,000 debt. The $18,000 would not have to be applied to the $16,000 and would go directly to plaintiff or other lienholders. Therefore, in this case, it is appropriate to add the satisfaction of the debt to the sale price to determine whether a "reasonably equivalent value" has been realized.

When a creditor/mortgagee purchases property of the debtor at sheriff's sale, the Deficiency Judgment Act requires that the creditor discharge the debtor of liability up to the fair market value of the property.

value received for the property. Because, in the present case, the fair market value of the property ($31,000) is greater than plaintiffs' debt to the defendant ($29,-630.83), the debt is completely extinguished. Therefore, plaintiffs received $29,631.83 ($29,630.83 plus $1.00) for their property. Judge Twardowski was correct in concluding that this is a "reasonably equivalent value" pursuant to 11 U.S.C. § 548(a)(2) and, accordingly, that the sheriff's sale should not be set aside.

■ Plaintiffs also contend that their possessory interest in the home, and right to save it via a HUD assignment are "value" which the Court should consider. Plaintiffs do not, however, support this argument and I am unaware of any case law dealing with this matter.

The sheriff's sale satisfied the requirements of 11 U.S.C. § 548(a)(2) and should not be set aside. Therefore, the bankruptcy court's order of summary judgment is affirmed. Plaintiffs' motion for summary judgment is denied.