FEDERAL LAND BANK OF OMAHA, a Corporation, Plaintiff and Appellee,

v.

Jerome E. JENSEN and Connie M. Jensen, Defendants and Appellants.

and United States of America acting through the Farmer Home Administration and Credit Corporation and Riley Company, Additional Defendants.

Nos. 15615, 15622.

Supreme Court of South Dakota.

Argued May 21, 1987.

Opinion Filed Nov. 4, 1987.

Steven ;M. Johnson of Brady, Kabeiseman, Reade & Johnson, Yankton, for plaintiff and appellee.

Roger W. Hunt of Hunt and Haugaard, Sioux Falls, for defendants and appellants; Fred Hendrickson, Sioux Falls, on brief.

Wanda Howey–Fox, Sp. Asst. U.S. Atty., Sioux Falls, for additional defendant Riley Co.

MORGAN, Justice.

Defendants and appellants, Jerome E. Jensen and Connie M. Jensen (Jensens) appeal from a partial summary judgment. Plaintiff and appellee, Federal Land Bank (Bank) filed a notice of review. We affirm the partial summary judgment.

In 1975, Jensens borrowed money from Bank. The loan was evidenced by a duly executed promissory note and secured by a mortgage. Over a period of time Jensens became delinquent in making the payments on the loan and Bank ultimately instituted action for foreclosure on April 17, 1986. Jensens filed an answer alleging affirmative defenses based on the Farm Credit Act (FCA) (12 U.S.C. § 2001 *et seq.* (1980)) and the Farm Credit Amendments Act of 1985 (Public Law 99–205, hereinafter the 1985 Amendments). Jensens also filed a counterclaim for actual and punitive damages based on alleged noncompliance with the FCA and the 1985 Amendments. After some discovery, Bank filed an affidavit and motion for summary judgment. Jensens filed a rebuttal affidavit alleging primarily Bank's failure to comply with the FCA and 1985 Amendments. The trial court, after a hearing on the motion, granted partial summary judgment in favor of Bank on all claims that were founded on the FCA, the 1985 Amendments, and any regulations promulgated thereunder, delayed the decision on judgment of foreclosure and denied the motion as to all properly pleaded claims under state law. Subsequently, a judgment of foreclosure was entered in favor of Bank, but the sheriff's sale was stayed by Jensens' filing of a petition in bankruptcy. Jensens also timely filed a notice of appeal in this proceeding. Bank, on its part, filed a notice of review.

Initially, we dispense with Bank's contention that Jensens' appeal lies only to the order denying their motion for new trial, not from the order granting summary judgment. We find the contention to be wholly unsupportable. The notice of appeal clearly states that it is "from the whole and all parts of the judgment, dated 29 October 1986, and entered and filed on 30 October 1986 [the judgment of foreclosure], and from the order denying motion for reconsideration and new trial, dated 24 October 1986, and entered and filed on 28 October 1986. . . ."

Under the provisions of SDCL 15–26A–7 on appeal, we "may review any order, ruling or determination of the trial court . . . whether . . . made before or after judgment involving the merits and necessarily affecting the judgment and appearing upon the record." Review of the partial summary judgment obviously falls within the scope of review set out in the statute.

Jensens state their issue on appeal as follows: "Whether the trial court erred in granting summary judgment and in denying appellant's (sic) motion for reconsideration when several disputed legal theories were argued and when material facts concerning plaintiff-appellee's violation of the Farm Credit Act were in dispute." As we previously noted, the trial court granted summary judgment only as to the affirmative defense and counterclaim issues pleaded under the provisions of the FCA and the 1985 Amendments, leaving intact any issues based on properly pleaded state law actions. A 54(b)[1] question is averted because the trial court has since entered a judgment of foreclosure. The only legal theories before us on this appeal concern the FCA and the amendments.

◼ We look then to Jensens' resistance to the motion for summary judgment to ascertain what legal theories and disputed material facts they presented to the trial court. That the mortgage was subject to the FCA and all acts amendatory or supplemental thereto is undisputed. Jensens' first complain that Bank failed to give them a copy of the FLB's policy of forbearance in compliance with the 1985 Amend-

---

1. SDCL 15–6–54(b) provides, in pertinent part: . . . In the absence of such determination and direction [for the entry of judgment on fewer than all the claims] shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

ments, particularly Title III, Public Law 99–205, § 301(b) which provides:

In accordance with regulations of the Farm Credit Administration, System institutions shall develop a policy governing forbearance. Each System institution shall provide borrowers with a copy of the institution's policy regarding forbearance at such time or times as the Farm Credit Administration shall prescribe in such regulations.

Jensens' second complaint is that they never received any written communication from Bank notifying them that their loan had been reviewed in accordance with § 307 of Title III, which provides:

Each lending institution of the Farm Credit System established under the Farm Credit Act of 1971 (12 U.S.C. 2001 et seq.) shall—(1) review each loan that has been placed in non-accrual status by such institution to determine whether such loan may be restructured based on changes in the circumstances of such institution as the result of this Act and the amendments made by this Act; and (2) notify in writing the borrower of each such loan of the provisions of this section.

It is undisputed that Bank never furnished Jensens with a copy of a policy of forbearance nor notified Jensens of the provisions of § 307 of Title III.

We then examine the factual history of this loan as laid out in the record before us. The indebtedness was initially incurred on February 3, 1975, in the amount of $50,700, amortized with annual payments due commencing on February 1, 1976, and continuing on February 1 each year thereafter until paid. The loan was evidenced by a promissory note, secured by a real estate mortgage. Jensens failed to make the payments due on February 1, 1984, February 1, 1985, and February 1, 1986, although they were duly notified of the respective due dates and requested to bring the loan current after each default. The various notifications, discussions, and meetings between Jensens and Bank and its officials will be discussed later. The foreclosure proceedings were not commenced until

April 17, 1986. We then examine Jensens' issues.

The entire focus of the Jensens before the trial court below and in this appeal is on the effect of the 1985 Amendments to the FCA, which became effective on January 23, 1986, nearly three months before the institution of the foreclosure action. They criticize the trial judge for not developing Bank's forbearance policy and their qualifications thereunder. They make no complaint as to Bank's actions as regards conformity with pre-amendment law. But this reliance on the 1985 Amendments is entirely misplaced. Although the 1985 Amendments became effective on January 23, 1986, the new regulations of the Farm Credit Administration, in accordance with which the institutions were to develop their forbearance policy and which prescribed the time for delivery of a copy to borrowers, did not take effect until November 28, 1986.

The 1985 Amendments further provide at Sec. 402(d) that "[a]ll regulations ... and policy directives issued or approved by the Farm Credit Administration ... shall be continuing and remain valid until superseded, modified, or replaced...." 12 U.S.C. 2241 note. The old regulations, which govern in this action, state that the system institution shall have a policy which provides a *means* of forbearance to cooperative borrowers. 12 C.F.R. § 613.4510(d) (1–1–86 ed.). The record reflects that there had been a lapse of over two years between Jensens' first defalcation and the commencement of the foreclosure proceedings, with two more defalcations occurring in the interim. The record further reflects numerous contacts which resulted in Bank delaying further proceedings to permit Jensens to explore alternative financing sources, review of the loan with an officer in Bank's Sioux Falls office by Jensens and their attorney, as well as their participation in an "appeal meeting" before Bank's appeal committee on February 5, 1986. During all of this period, Jensens failed to provide Bank with any viable plan to liquidate the indebtedness. On the advice of

counsel,[2] Jensens failed to provide the review committee with a plan or financial statement upon which the review committee could have made a determination whether further forbearance should have been afforded. Jensens simply "stonewalled" it.

■ In addition to the forbearance policy issue, Jensens further argue that Bank did not comply with § 307 of Title III of the 1985 Amendments in that Bank failed to notify them of the new provisions in the amendments. What Jensens argue, in essence, is that Bank was under a duty to re-notify them of their status and begin the process anew. (This argument is based on the language of Jensens' mortgage, which provides that it is, "subject to the provisions of the Farm Credit Act, and all acts amendatory thereof and supplementary thereto.") This argument ignores all past forbearance afforded and the clear language of the act and applicable regulations. We are not convinced that had Bank sent one more letter to Jensens advising them of their status and the provisions of the act, the outcome would have been different.

Under the prior regulation, 12 C.F.R. § 614.4510(d), the agency, based on an informed judgment, is free to use its discretion in determining whether such forbearance should be utilized in any given instance. Jensens failed to attack any action by Bank based on the prior regulation. In this instance, Bank ultimately determined, in its expertise and judgment, that forbearance was no longer a viable option. The intent that forbearance is a decision left to system institute discretion is found even in the new regulations. In fact, a system institute is precluded from making a settlement of borrower indebtedness, "unless it can be determined from an analysis of all the facts and legal aspects that a compromise settlement results in the greatest net return to the lender." 12 C.F.R. § 614.4512 (1–1–86 Ed.). Jensens have received all the rights and procedures due them under the FCA and amendments.

■ By notice of review FLB asks us to reverse the trial court's decision denying summary judgment on the causes of action in Jensens' counterclaim based on state law and failing to dismiss Jensens' punitive damages claim.

The Jensens filed an extensive counterclaim seeking compensatory and punitive damages for alleged breach of express and implied contract, breach of fiduciary duty and negligence. FLB moved for summary judgment and, with respect to the counterclaim, the trial court granted partial summary judgment as to "all allegations .. based upon alleged violations of the Farm Credit Act and any regulations promulgated thereunder" while specifically denying summary judgment as to "causes of action ... which are based solely upon state law...."

FLB argues that Jensens' counterclaim is based entirely on the FCA and since the FCA gives no private right of action or affirmative defense, it cannot give rise to a common law cause of action for non-compliance with the FCA, citing us to a Minnesota case, *Production Credit Association of Worthington v. Van Iperen*, 396 N.W.2d 35 (Minn.App.1986). Jensens, on the other hand, argue that the trial court is correct in recognizing "that the Farm Credit Act and its implementing regulations provide a standard of performance which may be used by a state court in determining negligence, bad faith, etc. (sic) on the part of the mortgage holder", citing us to *Spring Water Dairy Inc. v. Federal Intermediate Credit Bank of St. Paul*, 625 F.Supp. 713 (D.Minn.1986). We find that reliance on that case is misplaced. While the District Judge said that the plaintiff's state law claims founded on implied contract, misrepresentation and negligence are best left to state courts, there is nothing to indicate that those state law claims were based on the FCA. Indeed, the implication is to the contrary.

In that same vein, we do not read the trial court's decision to give Jensens any state cause of action based on the FCA. To the contrary, the trial court's holding

**2.** Counsel on appeal did not represent Jensens at that point in time.

ruled out causes of action *based upon alleged violations* of the FCA while preserving causes of action *based solely upon* state law. That spells it out about as clearly as can be done, considering the state of the pleadings.

The Jensens' counterclaim is a hodgepodge of claims, most of which are based on the 1985 Amendments and the rules and regulations adopted pursuant thereto. However, the trial court, in rejecting the federal claims, apparently recognized some state claims independent of the federal claims and denied summary judgment as to them. Striking the references to the federal enactment from the counterclaim, we perceive that there may well be state law issues as to which there are material disputes of fact and accordingly we affirm the trial court on that issue of the notice of review.

Finally, FLB urges that the trial court erred in failing to dismiss Jensens' claim for punitive damages on the grounds of sovereign immunity. FLB's motion for summary judgment merely presented the trial court with the question whether there was a material dispute of facts. Nowhere in this record do we find any motion to the trial court that lays the foundation for this issue on appeal. Not having been presented to the trial court for ruling, it simply is not preserved for appeal and we decline to rule on it. *State v. Boutchee*, 406 N.W.2d 708 (S.D.1987); *Cooper v. Cooper*, 299 N.W.2d 798 (S.D.1980).

In summation, we affirm the trial court on all issues.

All the Justices concur.