FIRST NATIONAL BANK OF VOLGA,
Plaintiff and Appellee,

v.

Wilbur D. KLEINJAN, Adriana
Kleinjan, Defendants and
Appellants,

and

Willis Kleinjan, Joslyn Kleinjan, Gary Kleinjan, United States of America acting through the United States Dept. of Agriculture Farmers Home Administration, and Brookings County, Defendants.

No. 15716.

Supreme Court of South Dakota.

Considered on Briefs Nov. 19, 1987.

Decided Jan. 20, 1988.

Michael B. Crew of Crew & Crew, Sioux Falls, for plaintiff and appellee.

Thomas K. Wilka of Hagen & Wilka, P.C., Sioux Falls, for defendants and appellants.

SABERS, Justice.

Bank filed a mortgage foreclosure complaint against Wilbur and Adriana Kleinjan, other members of the Kleinjan family, the FmHA, and the county. *See* companion case 418 N.W.2d 327. Wilbur and Adriana filed an answer and counterclaim which exceeded fifty pages and admitted the execution of the notes and mortgages but asserted claims denominated as affirmative defenses of fraud, failure of consideration, and accord and satisfaction.

Bank moved for summary judgment on its complaint and on Kleinjans' counterclaims. Kleinjans resisted by affidavit. After a hearing, the trial court granted the Bank summary judgment on the right to foreclose but not on the counterclaims.

We have reviewed Kleinjans' claims and are satisfied that they do not raise genuine issues of material fact as to the right to foreclose. *Wilson v. Great Northern Ry. Co.*, 83 S.D. 207, 157 N.W.2d 19 (1968). Their claims do raise genuine issues of material fact as to the amount of the judgment, set-offs, credits for payments, delays in crediting payments, excess interest charges, and damages, including damages resulting from claimed deficiencies in the sale of property. *Trapp v. Madera Pacific, Inc.*, 390 N.W.2d 558 (S.D.1986). All of these claims remain to be determined as counterclaims.

Therefore, we affirm the summary judgment of foreclosure, the determination of priorities among secured parties, and the order of sale of mortgaged property. All other matters remain for resolution below.

MORGAN, HENDERSON and MILLER, JJ., concur.

WUEST, C.J., dissents.

WUEST, Chief Justice (dissenting).

I dissent. The trial court entered summary judgment against Wilbur D. Kleinjan

and Adriana Kleinjan, jointly and severally in the sum of $8,171.03. In addition, the Court entered summary judgment against defendant Wilbur D. Kleinjan in the sum of $59,070.45. The trial court further granted summary judgment ordering the property sold to satisfy the debt. The majority opinion concedes there are genuine issues "of material fact as to the *amount of the judgment, set-offs, credits for payments,* and damages." (Emphasis added). No way should this summary judgment of foreclosure have been entered without determining the balance due on the debt which the mortgage secured. The damages claimed from deficiencies in the foreclosure sale of the property would not reduce the principal and the Court did not err by severing those issues from the foreclosure action. It seems fundamental to me a debtor should be given credit for his payments and any set-offs before judgment is entered against him and his property sold to satisfy that judgment.