**FIRST NATIONAL BANK OF VOLGA,**
**Plaintiff and Appellee,**

v.

**Wilbur D. KLEINJAN, Adriana Kleinjan, Willis Kleinjan, Joslyn Kleinjan, United States of America acting through the United States Dept. of Agriculture Farmers Home Administration, and Brookings County, Defendants.**

**and**

**Gary Kleinjan, Defendant and Appellant.**

**No. 15718.**

Supreme Court of South Dakota.

Considered on Briefs Nov. 19, 1987.

Decided Jan. 20, 1988.

Michael B. Crew of Crew & Crew, Sioux Falls, for plaintiff and appellee.

Wilson Kleibacker of Lammers, Lammers, Kleibacker & Casey, Madison, for defendant and appellant.

SABERS, Justice.

The trial court made a proper SDCL 15–6–54(b) determination after granting summary judgment to the Bank against Gary Kleinjan and others. *See* companion case 418 N.W.2d 326. Although we can decline the appeal on our own motion, we see no appropriate reason for doing so. *Ochs v. Northwestern Nat'l Life Ins. Co.,* 254 N.W.2d 163, 166 (S.D.1977).

Gary's parents, Wilbur and Adriana, mortgaged 580 acres to the Bank on October 9, 1981. The mortgage form used was for a "One Hundred Eighty Day Redemp-

tion" mortgage. Gary purchased a seven-acre building site out of this mortgaged property from his parents on April 15, 1982. He claims he takes free of the mortgage because it was "void" from its inception since the mortgaged property contained more than forty acres in violation of SDCL 21–49–11. The trial court determined that Gary's deed was inferior to the mortgage and subject to foreclosure. We agree based on *First Fed. S. & L. v. Dardanella Financial Corp.*, 351 N.W.2d 460, 462 (S.D.1984), which is controlling. Therefore, we affirm the judgment of foreclosure and approve the redemption period of one year.

MORGAN, HENDERSON and MILLER, JJ., concur.

WUEST, C.J., concurs specially.

WUEST, Chief Justice (specially concurring).

Although I dissented to the entry of summary judgment in the companion case 418 N.W.2d 326, I agree with the conclusion of the majority that the mortgage was not void and Gary's deed was inferior to the mortgage and subject to foreclosure.