FEDERAL LAND BANK OF OMAHA a corporation, Plaintiff and Appellee,

v.

Eldon W. JOHNSON and Lavonne Johnson, husband and wife, Defendants and Appellants,

and

The United States of America, acting through the Farmers Home Administration, Defendant.

No. 16094, 16116.

Supreme Court of South Dakota.

Argued Feb. 16, 1989.

Decided Oct. 4, 1989.

Carl J. Koch, Mitchell, for plaintiff and appellee.

John W. Keller of Keller & Keller, Huron, for defendants and appellants.

KERN, Circuit Judge.

Eldon W. Johnson and Lavonne Johnson (Johnsons) appeal from a summary judgment granted in favor of the Federal Land Bank of Omaha (FLBO). We affirm.

In January 1983 Johnsons borrowed money from FLBO. The loan was evidenced by a duly executed promissory note and secured by a mortgage. Principal and interest payments were to be made on the first day of January of each year. On January 1, 1986, Johnsons became delinquent in making the payment due. Pursuant to its right to do so FLBO called for the total payment of the note on May 6, 1986. Because no payment was made FLBO instituted foreclosure proceedings on August 8, 1986. Johnsons filed an answer alleging affirmative defenses based on the Farm Credit Act, 12 U.S.C. § 2001 et seq. (1980) and the Farm Credit Amendments Act of 1985, Public Law 99–205. Johnsons also filed a counterclaim for actual and punitive damages alleging that FLBO intentionally caused them emotional and mental distress because of FLBO's unilateral withdrawal from an alleged agreement Johnsons had with FLBO to file an amended Chapter 13 reorganization plan in bankruptcy court. Johnsons claimed that as a result of FLBO's withdrawal they had to convert their Chapter 13 to a Chapter 7 bankruptcy.

FLBO moved for summary judgment on its claim and the counterclaim of Johnsons. Summary judgment was granted in favor of FLBO on both claims.

Johnsons state their issues on appeal as follows: "Did the trial court err in granting summary judgment to FLBO and should the trial court have heard the defensive pleadings and showings of Appellants [Johnsons]?" and "Did the trial court err in granting summary judgment to FLBO on the state law counterclaim of Appellants?"

Johnsons' indebtedness, initially incurred on January 3, 1983, was in the amount of $135,000 with annual payments due on January 1, 1984, and continuing on January 1 each year until paid. The loan was evidenced by a promissory note and secured by a real estate mortgage. Johnsons failed to make payments due January 1, 1986. Payment of the note was called due on May 6, 1986, and foreclosure proceedings were instituted August 8, 1986.

■ Johnsons' entire focus on appeal concerns the effect of the 1985 amendments to the Farm Credit Act, which became effective on January 23, 1986, nearly eight months before the institution of the foreclosure action. Although the 1985 amendments became effective January 23, 1986, the new regulations of the Farm Credit Administration, in accordance with which the institutions were to develop their forbearance policy and which prescribed the time for delivery of a copy to borrowers, did not take effect until November 28, 1986. *See Federal Land Bank of Omaha v. Jensen*, 415 N.W.2d 155 (S.D.1987). Johnsons' reliance on the 1985 amendments is entirely misplaced. The foreclosure proceedings were instituted on August 8, 1986, and the 1985 amendments did not go into effect until November 28, 1986. *Jensen, supra.* Under the prior regulation, 12 C.F.R. § 614.4510(d), the agency, based on an informed judgment, was free to use its discretion in determining whether such forbearance should be utilized in any given instance. Johnsons failed to attack any action by FLBO based on the prior regulation. FLBO ultimately determined in its expertise and judgment, that forbearance was no longer a viable option. *Jensen, supra.* The Johnsons received all the rights and procedures due them under the Farm Credit Act and amendments.

■ The second issue addresses court error in granting summary judgment to FLBO on Johnsons' state law counterclaims. Specifically, Johnsons alleged that FLBO intentionally caused emotional and mental distress as a result of its withdrawal from their alleged agreement to pursue an amended Chapter 13 reorganization plan. It should be noted that the record is void of any approval of a Chapter 13 reorganization plan by the bankruptcy court. Any part of Johnsons' counterclaim which may be based on the Farm Credit Act is rejected, but any portion which is based on state law may be preserved. *Jensen, supra.* The record clearly indicates that any injuries suffered by the Johnsons were entirely self-inflicted as a result of their voluntary conversion, before the bankruptcy court, from the amended Chapter 13 to a Chapter 7 filing. The transcript of the hearing in bankruptcy court before the Honorable Peder K. Ecker clearly indicates that he was convinced of the same. One who has taken a position in a judicial proceeding may not later take a position inconsistent with his earlier position. *Warren Supply v. Duerr, Pliley Thorsheim Dev.*, 355 N.W.2d 838 (S.D.1984). Basically, that is what the Johnsons have done in this case. They made a voluntary conversion, an act of their own will, and once they determined they were in an undesirable position they attempted to place the blame on FLBO by asserting that FLBO's tortious conduct forced them into their present position, thus causing them injury. Johnsons are estopped by record from asserting such a claim. *Warren, supra.*

Where no genuine issue of material fact exists summary judgment may be granted by the court. *Wilson v. Great Northern Railway*, 83 S.D. 207, 157 N.W.2d 19 (1968). The trial court properly granted summary judgment in this case as to both issues. No issue of fact exists with regard to the FLBO claim or Johnsons' counterclaim. Johnsons are simply prohibited from relying on the Farm Credit Act and the 1985 amendments because they were not in effect at the time of Johnsons' claim. With regard to the Johnsons' counterclaim

no issue of fact exists due to the fact that Johnsons are estopped from making such assertion since their act of filing a Chapter 7 bankruptcy was a voluntary act on their part.

We affirm the judgment of the trial court.

MORGAN, HENDERSON and MILLER, JJ., concur.

SABERS, J., concurs in part and dissents in part.

KERN, Circuit Judge, for WUEST, C.J., disqualified.

SABERS, Justice (concurring in part and dissenting in part).

I concur except that I dissent on the second issue regarding Johnsons' state law counterclaim. The majority refuses to consider Johnsons' counterclaim because of a claimed inconsistency between it and Johnsons' position in the bankruptcy proceedings. However, the majority misconstrues the counterclaim. In fact, no inconsistency exists and Johnsons should be allowed to assert their counterclaim.

Johnsons are not claiming they were forced to convert from a Chapter 13 to a Chapter 7 filing; rather they are claiming they relied upon representations of FLBO and were injured when FLBO *reneged* on those representations. This may be a valid claim, *see Johansen v. Production Credit Ass'n,* 378 N.W.2d 59 (Minn.Ct.App.1985); Prosser and Keeton on Torts § 92 at 658 (5th ed.1984), and it is not inconsistent with Johnsons' position in the bankruptcy proceedings. Even where a federal court has ruled against a mortgagor on its federal statutory claims against a mortgagee, "[t]hat does not preclude [that party] ... from asserting in a state court common law causes of action...." *Johansen, supra* at 62; *see also First Nat'l Bank of Volga v. Kleinjan,* 418 N.W.2d 326 (S.D.1988) (counterclaims may be asserted even when foreclosure has been granted). Furthermore, whether FLBO made any representations which warrant reliance is a genuine issue of material fact precluding summary judgment. *Groseth Int'l, Inc. v. Tenneco, Inc.,*

410 N.W.2d 159 (S.D.1987); *Bego v. Gordon,* 407 N.W.2d 801 (S.D.1987).

The alternative grounds asserted by FLBO for dismissal of Johnsons' counterclaim are also inadequate.

1. FLBO argues that summary judgment is appropriate because Johnsons' counterclaim is barred by the doctrine of res judicata. FLBO contends Johnsons should have raised their counterclaim when FLBO moved in bankruptcy court for relief from the automatic stay. The nature of the motion hearing precludes such a conclusion. Although it would have been proper for the bankruptcy court to consider the counterclaim for the purpose of ruling on the motion for relief, a hearing on such a motion is not the proper time or place to fully adjudicate such a counterclaim. *In re Tally Well Service, Inc.,* 45 B.R. 149, 151 (Bankr.E.D.Mich.1984). The legislative history accompanying enactment of the Bankruptcy Reform Act of 1978 makes clear that: "This hearing will not be the appropriate time at which to bring in other issues, such as counterclaims against the creditor...." *Id.,* (quoting H.R.Rep. No. 595, 95th Cong., 1st Sess. 344 (1977), U.S. Code Cong. & Admin.News 1978, pp. 5787, 6300); *see also* 2 Collier on Bankruptcy ¶ 362.08 at 362–69 (15th ed.1989) ("a res judicata determination of the issues [when considering a motion for relief from an automatic stay] would be inappropriate"). In short, a motion seeking relief from an automatic stay is not the assertion of a claim which creates an obligation to assert a counterclaim. *In re Johnson,* 756 F.2d 738, 740 (9th Cir.1985), *cert. denied, Johnson v. Righetti,* 474 U.S. 828, 106 S.Ct. 88, 88 L.Ed.2d 72 (1985). Accordingly, Johnsons are not barred by the doctrine of res judicata from raising their counterclaim in this action.

2. FLBO also contends Johnsons' counterclaim should be dismissed because the trial court does not have subject matter jurisdiction over the counterclaim. FLBO claims only the bankruptcy court could consider Johnsons' claim. However, since the counterclaim does not arise under Title 11, but instead is merely related to the bank-

ruptcy proceedings, the bankruptcy court does not have exclusive jurisdiction over the claim. As explained by the court in *In re Southerton Corp.*, 17 B.R. 472 (Bankr. M.D.Pa.1981):

> Congress did not give bankruptcy courts exclusive jurisdiction over all controversies which in some way affect the debtor's estate. Jurisdiction of state courts and the bankruptcy court is concurrent as to civil proceedings arising in or related to cases under Title 11.

*Id.* at 474. Nor is the trial court precluded from considering the counterclaim because, as FLBO argues, the claim was not raised by the trustee. While Johnsons' claim is part of their bankruptcy estate, the debtor remains in possession of all property of the estate in a Chapter 13 filing, thus Johnsons are free to assert the claim. 11 U.S.C.A. § 1306(b).

Since Johnsons are not precluded from asserting their counterclaim, the trial court erred in granting FLBO's motion for summary judgment. *Groseth, supra; Bego, supra.* FLBO has failed to carry its burden of demonstrating the lack of any genuine issue of material fact. Therefore, we should reverse and remand for consideration of Johnsons' counterclaim.