**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Gene A. DAVIS, Sr., Defendant and Appellant.**

No. 16739.

Supreme Court of South Dakota.

Considered on Briefs Jan. 11, 1990.

Decided Aug. 1, 1990.

Roger A. Tellinghuisen, Atty. Gen., David D. Wiest, Asst. Atty. Gen., Pierre, for plaintiff and appellee.

Jean M. Cline, Rapid City, for defendant and appellant.

PER CURIAM.

As part of a plea agreement, Gene A. Davis, Sr. (Davis) pled guilty to receiving stolen property. His sentence included the requirement that he make restitution to the victim. Davis appeals the restitution portion of his sentence. We reverse and remand.

.FACTS

On July 12, 1988, Black Hills Findings, Inc. was ¿ burglarized and approximately $3900 in guns, knives and jewelry were taken. A portion of the property was recovered at Davis' home, while other stolen property, valued at approximately $2836 has never been recovered.

Davis was charged with receiving stolen property. A plea agreement was reached and Davis pled guilty to receiving stolen property. Davis was aware, when he accepted the plea agreement, that restitution could be required but the probable amount of restitution was not discussed or agreed upon.

Davis was sentenced to three years in the state penitentiary and was ordered to pay $2893.59 in restitution. Davis argued that restitution should be limited to the value of the property related to the crime to which he pled guilty and since that property had all been recovered, no restitution should be imposed. The trial court rejected that argument and decided that restitution should be imposed in the amount of all unrecovered property taken in the burglary. Davis appeals that determination.

DECISION

Davis pled guilty to receiving stolen property. He was never charged with burglary, nor did he admit committing burglary. The state argues that Davis agreed to full restitution and should be held to his bargain. Davis argues that he should not be required to pay restitution for a crime which he was never charged with and did not admit. We agree with Davis and reverse the restitution portion of his sentence.

The policy of the restitution statutes of this state is to assure that criminals make restitution to the "victims of [their] criminal activities to the extent that the violator is reasonably able to do so." SDCL 23A–28–1. "Criminal activities" includes "any crime for which there is a plea of guilty or verdict of guilty upon which a judgment of conviction may be rendered and any other crime committed after June 30, 1979 which

is admitted by the defendant, whether or not prosecuted." SDCL 23A–28–2(2).

The statute is clear and unambiguous. *Appeal of AT & T Information Systems*, 405 N.W.2d 24 (S.D.1987). It is clear that a defendant must plead guilty, be convicted of a crime, or admit to a crime before being ordered to pay restitution to the victims under SDCL chapter 23A–28. Davis was not convicted, did not plead guilty and did not admit to the burglary of Black Hills Findings, Inc. Moreover, despite the state's contention on appeal, Davis did not agree to restitution for crimes he did not admit to committing.

A similar issue was addressed in *State v. Wolff*, 438 N.W.2d 199 (S.D.1989). In *Wolff*, restitution was reversed because, "the restitution ordered did not pertain to offenses to which Wolff pleaded guilty or specifically admitted...." *Id.* at 202. In this case, Davis did not admit or plead guilty to the burglary of Black Hills Find-ings, Inc. Yet, it is clear that the trial court required Davis to make restitution for all unrecovered property taken in the burglary of Black Hills Findings, Inc. That was error.

While the trial court has broad discretion in sentencing, a sentence must be within the limits outlined by the statute. *State v. Braun*, 351 N.W.2d 149 (S.D.1984). The restitution requirement imposed on Davis was not authorized by the statute and is reversed. We remand this matter for determination of the proper amount of restitution under the facts, in conformity with the statute and this opinion.