2003 SD 140

**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Michael J. NELSON, Defendant and Appellant.**

No. 22818.

Supreme Court of South Dakota.

Considered on Briefs Nov. 17, 2003.

Decided Dec. 3, 2003.

Lawrence E. Long, Attorney General, Ann C. Meyer, Assistant Attorney General, Pierre, South Dakota, Attorneys for plaintiff and appellee.

Jeremiah J. Davis, Office of the Public Defender for Pennington County, Rapid City, South Dakota, Attorney for defendant and appellant.

MEIERHENRY, Justice.

[¶ 1.] This appeal involves the amount of restitution the trial court ordered as part of Michael Nelson's sentence. The State concedes that the trial court erred in its calculation of restitution and that the case should be remanded for the trial court to correct the amount. There is no disagreement between the parties that the correct amount of restitution should be $7,500.

**Facts**

[¶ 2.] The State's initial complaint alleged Nelson had committed six counts of forgery. At the preliminary hearing, the court dismissed all but Counts I and II. A jury found Nelson guilty of both counts. Count I pertained to check number 63165, which was presented for payment but never cashed, resulting in zero loss and no restitution. Count II pertained to check number 63153, which was presented for payment in the amount of $7,500 and honored by Rushmore State Bank. The trial court entered an initial judgment ordering Nelson to pay $7,500 in restitution for check number 63153. This was the correct amount. The trial court, however, entered an Amended Judgment for Count II, increasing the $7,500 to $7,980. The $480 increase was the sum of the checks numbered 63123 and 63126 alleged in Counts III and IV, which were dismissed at the preliminary hearing.

[¶ 3.] Nelson filed a Motion to Reconsider Restitution. At the motion hearing, Nelson pointed out that he had not been tried on Counts III or IV nor had he pled guilty to Counts III or IV and, consequently, should not be ordered to pay restitution for checks alleged in Counts III and IV. The trial judge denied the motion stating that he would order restitution for

the $480 because the testimony at trial convinced him that Nelson owed that amount for the checks alleged in Counts III and IV. The trial judge determined that he "would consider it the same as [he] would on a civil case where monies are being requested based on the testimony."

## ISSUE

**Whether the trial court erred by including as part of the sentence an amount greater than the amount for which the defendant was charged and found guilty.**

## DECISION

[¶ 4.] Nelson was found guilty of two Counts of forgery. All other Counts were dismissed prior to trial. Nelson did not admit committing other forgeries. SDCL 23A–28–1 states, "[i]t is the policy of this state that restitution shall be made by each violator of the criminal laws to the victims of the violator's criminal activities." Criminal activities "includes any crime for which there is a plea of guilty or verdict of guilty upon which a judgment of conviction may be rendered and any other crime committed . . . which is admitted by the defendant, whether or not prosecuted." SDCL 23A–28–2(2). Nelson did not plead guilty nor were there guilty verdicts in regard to the two checks 63123 and 63126 in the amount of $240 each. Further, Nelson did not admit that he committed these forgeries. Accordingly, the trial court erred in amending its restitution order to include the two checks totaling $480.

[¶ 5.] We note that "[w]hile a trial court has broad discretion in sentencing, a sentence must be within the limits outlined by statute." *State v. Davis*, 458 N.W.2d 812, 813 (S.D. 1990). The amended restitution order requiring Nelson to pay the additional $480 violates SDCL 23A–28–1. The matter is reversed and remanded.

[¶ 6.] GILBERTSON, Chief Justice, and SABERS, KONENKAMP, and ZINTER, Justices, concur.