SABERS, Justice
(dissenting).
[¶ 49.] I dissent on Issue 2. In my view, it was plain error for the trial court to “impose restitution for the money” defendant allegedly stole from the victim whether objected to or not by trial counsel. The basic requirement is that the defendant either admitted to or was convicted of theft. State v. Nelson, 2003 SD 140, ¶ 5, 672 N.W.2d 684, 685 (holding the trial court’s decision to order restitution above an amount for which the defendant was convicted or did not admit violated SDCL 23A-28-1); State v. Davis, 458 N.W.2d 812, 812 (S.D.1990) (reversing an order requiring restitution for crimes that the defendant was not convicted of and did not admit); State v. Wolff, 438 N.W.2d 199, 201-02 (S.D.1989) (reversing restitution order of $15,550.40).
[¶ 50.] SDCL 23A-28-2(4) defines restitution as “full or partial payment of pecuniary damages to a victim.... ” Pecuniary damages are “all damages which a victim could recover against the defendant in a civil action arising out of the same facts or event, except punitive damages and damages for pain, suffering, mental anguish, and loss of consortium.” SDCL 23A-28-2(3) (emphasis added). Here, the “facts or event” for which the judge was sentencing was manslaughter. However, the trial court’s restitution order required “that defendant reimburse Walworth County for court appointed attorney fees; pay restitution regarding monies stolen from the victim; and reimburse all funeral expenses, the cost of the headstone, medical expenses of the victim and other charges related to the death of the victim. ...” While the attorney fees and “other charges related to the death of the victim” may be recoverable against the defendant in a civil action arising out of the manslaughter, the restitution for monies stolen arises from separate facts, specifically the alleged thefts. In other words, we require a nexus between the defendant’s crime and the victim’s damages. See State v. Joyce, 2004 SD 73, ¶ 16, 681 N.W.2d 468, 471 (holding a defendant who pleaded guilty to failure to provide information due to leaving the scene of an accident could not be ordered to pay restitution for other driver’s medical expenses when the failure to provide information did not cause the medical and vehicle expenses). The only crime Mulligan has been convicted of is manslaughter and the manslaughter did not cause the victim to lose the allegedly stolen money.
*824 [¶ 51.] In paragraph 27, the majority opinion claims that, “[t]he instant case does not present the types of exceptional circumstances justifying unrequested plain error review.” I submit that this is the type of exceptional circumstance that justifies unrequested plain error review. Mulligan has not been charged with, admitted to or convicted of the crime for which restitution was imposed. Therefore, Mulligan is presumed innocent until proven guilty. We should not approve a punishment for a person who has not been proven guilty. This error “seriously affects the fairness, integrity, or public reputation of judicial proceedings.” State v. Nelson, 1998 SD 124, ¶ 8, 587 N.W.2d 439, 443 (quoting Johnson v. United States, 520 U.S. 461, 466-67, 117 S.Ct. 1544, 1549, 137 L.Ed.2d 718 (1997)) (additional citations omitted). The perception of judicial proceedings would be seriously affected if the public knew that a person could be punished for a crime the person had not admitted to, been convicted of or even charged with that crime.
[¶ 52.] Furthermore, the majority opinion cites Henjum as support for its conclusion that we should not grant relief in this case. Supra ¶ 27 (citing 1996 SD 7 at ¶ 14, 542 N.W.2d at 763). However, Henjum is distinguishable because the defendant pleaded guilty to the crime but had not been warned of the possibility of restitution. See 1996 SD 7, ¶ 10, 542 N.W.2d at 763. Here, Mulligan did not plead guilty to the crime for which restitution was imposed and Henjum does not control.
[¶ 53.] In this case, Mulligan neither admitted to nor was she convicted of theft in an amount close to the restitution ordered. Even the State’s brief suggests “the case should perhaps be remanded for hearing....” The error in ordering restitution in this case is plain error that affects a substantial right. We should reverse on this issue because holding someone liable for a crime that she has not admitted to or been convicted of seriously affects the fairness and reputation of the judicial proceedings against her. See State v. Dillon, 2001 SD 97, ¶ 12, 632 N.W.2d 37, 43 (noting the plain error rule requires “1) error, 2) that is plain, 3) affecting substantial rights” and 4) we may exercise our discretion if the error “seriously affects the fairness, integrity or public reputation of the judicial proceedings”). The proper remedy in this case is a suit by the estate for damages arising from theft.
[¶ 54.] Therefore, we should reverse Issue 2.