2004 SD 73

**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Joseph JOYCE, Defendant and Appellant.**

**No. 22883.**

Supreme Court of South Dakota.

Considered on Briefs Feb. 17, 2004.

Decided May 26, 2004.

Lawrence E. Long, Attorney General, Frank E. Geaghan, Assistant Attorney General, Pierre, South Dakota, Attorneys for plaintiff and appellee.

Joel P. Landeen, Lawrence County Public Defender's Office, Deadwood, South Dakota, Attorneys for defendant and appellant.

PER CURIAM.

[¶ 1.] Joseph Joyce pled guilty to failure to provide information, a Class 6 felony. SDCL 32–34–5. He was sentenced to eighteen months in the penitentiary and ordered to pay $13,532.18 in restitution. We reverse.

## FACTS

[¶ 2.] On November 29, 2002 at 10:27 a.m. the car driven by Patricia Christopherson was stopped waiting to make a left hand turn when her car was rear-ended. The driver of the other car fled. Police were dispatched for a hit and run.

[¶ 3.] Joseph Joyce was detained. He told the officer that he did not have a driver's license, was on probation, and ran because he was scared. He also told the officer that one stipulation of his probation was that he was not to drive.

[¶ 4.] The State and Joyce entered into a plea agreement which provided, in part:

    C. At sentencing the State will recommend that the Defendant serve a county jail sentence and a term of probation in lieu of a prison sentence and that he pay restitution;

[¶ 5.] The trial court found that there was a factual basis for the plea after Joyce and the State told the court:

THE DEFENDANT: I just got off work and I was driving over to Wal-Mart, was getting ready to change lanes, and a lady in front of me stopped to turn left and I just ran into the back of her. I was on probation, didn't have a license, so I drove away.

THE COURT: What would be the factual basis the State would offer?

MR. FITZGERALD: Your Honor, very similar to what the Defendant has admitted to. There should be some reports perhaps in the file. But as I understand it, the woman in this case was injured and she was taken to the hospital over in Spearfish. A Patricia Christopherson. And I've spoken to her once or twice and her lawyer, and she is continuing to go to the doctor for some, I believe, neck pain. And there's a fair amount of restitution that will probably become an issue in the case.

[¶ 6.] The State indicated that it would make a presentation regarding restitution at sentencing.

[¶ 7.] Joyce was sentenced on May 7, 2003. Joyce's attorney told the court "at this point we're most concerned about the restitution question." He said:

But, I guess, in looking at it last night and preparing, I had to question whether or not any of the damages suffered were as a result of Mr. Joyce's criminal activities. Because the criminal activity in this was his leaving the accident, it wasn't in rear-ending Ms. Christopherson; therefore, the damages were not a result of his criminal activity. And due to the circumstances, the fact that he left the scene of the accident did not increase her damages any.

The court sentenced Joyce to eighteen months in the penitentiary and ordered $5,473.35 in restitution for vehicle damages and $8,008.70 in restitution for medical expenses. He was also ordered to pay $53 in costs of the accident for LEOTF, $374.72 for court appointed counsel, and $243.60 in transportation costs.

[¶ 8.] Joyce moved to modify the sentence to reduce the amount of restitution. He argued that he should not be required to pay restitution for Christopherson's medical and vehicle damages because they were not a result of his criminal activity. The court denied the motion.

## ISSUE

[¶ 9.] **Did the trial court err in awarding restitution as part of the judgment of conviction?**

## DISCUSSION

[¶ 10.] Joyce argues that he should not have been ordered to pay restitution for Christopherson's medical and vehicle expenses because her damages

were not caused by his leaving the scene of the accident, but rather by the accident itself.

[¶ 11.] Joyce pled guilty to violating SDCL 32-34-5 and was ordered to pay restitution for that crime. SDCL 32-34-5 provides:

Any driver of any vehicle involved in an accident resulting in injury or death to any person, who fails immediately to stop such vehicle at the scene of such accident and comply with the provisions of § 32-34-3 is guilty of a Class 6 felony, and the Department of Revenue shall revoke the registration receipt of the person so convicted.

SDCL 32-34-3 provides:

The driver of any vehicle involved in any accident resulting in injury or death to any person or damage to property shall immediately stop and give his name and address, and the name and address of the owner and the license number of the vehicle he is driving to the person struck or the driver or occupants of any vehicle collided with and shall render to any person injured in such accident reasonable assistance, including the carrying of such person to a physician or surgeon for medical treatment if it is apparent that such treatment is necessary or is required by the injured person.

[¶ 12.] Restitution to victims of crimes is governed by SDCL ch. 23A-28. "It is the policy of this state that restitution shall be made by each violator of the criminal laws to the victims of the violator's criminal activities to the extent that the violator is reasonably able to do so." SDCL 23A-28-1. "Restitution" is defined as "full or partial payment of pecuniary damages to a victim." SDCL 23A-28-2. "Victim" is defined, in part, as "any person, as defined in subdivision 22-1-2(31), who has suffered pecuniary damages as a result of the defendant's criminal activities[.]" SDCL 23A-28-2(5). "Criminal activities" include "any crime for which there is a plea of guilty or a verdict of guilty upon which a judgment of conviction may be rendered and any other crime committed after June 30, 1979, which is admitted by the defendant, whether or not prosecuted." SDCL 23A-28-2(2). "Pecuniary damages" include "all damages which a victim could recover against the defendant in a civil action arising out of the same facts or event, except punitive damages and damages for pain, suffering, mental anguish, and loss of consortium." SDCL 23A-28-2(3).

[¶ 13.] In this case Joyce has steadfastly maintained that he should not be responsible for damages that were not incurred due to his criminal activity. The question becomes whether there is a causal connection between Joyce's leaving the scene (hit and run) and Christopherson's medical and vehicle damages.

[¶ 14.] The Iowa Supreme Court has held that its restitution statutes, which mirror those in South Dakota, require a causal connection between the conduct for which the defendant is convicted and the damages the victim suffers. In *State v. Starkey*, 437 N.W.2d 573 (Iowa 1989), Starkey, who was drinking, hit Shapley as she was changing a tire. Starkey did not stop. He was charged with leaving the scene of a personal injury accident. He pled guilty. No restitution was ordered. After Shapley's leg was amputated and she was undergoing continuing medical treatment, the State asked the court to amend its judgment to include restitution. The court amended the judgment for restitution for court costs and medical expenses.

[¶ 15.] Starkey argued that he should not have been ordered to pay restitution because Shapley's damages were not

caused by his leaving the scene. The Iowa Supreme Court agreed:

> It is clear from the language of our hit-and-run statutes that the legislature had two objectives. One was to require immediate assistance for injured persons. The other was to prevent people from avoiding liability for their acts by leaving the scene without identifying themselves. *Cf. Hartwell*, 38 Wash.App. at 140, 684 P.2d at 780.
>
> There is no evidence here that Starkey's act of leaving the scene, the basis of the charge, either caused or aggravated the victim's injuries. The only inference supported by the record is that Shapley's injuries occurred before Starkey committed the offense with which he was charged: leaving the scene of an accident.
>
> Had Starkey obeyed the law and remained, Shapley's injuries, as far as this record is concerned, would have been the same. Starkey's act of leaving the scene did not cause the victim's injuries. The damages occurred independently of Starkey's crime.
>
> The State has offered various theories under which the restitution award could be justified. We reject the State's theories because they would require us to find that the clear language of the restitution statutes is ambiguous. We have already determined that the language is not ambiguous. Our inquiries thus must stop there. *See Saadiq v. State*, 387 N.W.2d 315, 319 (Iowa 1986).
>
> Absent any evidence that Shapley suffered pecuniary damages as a result of the hit-and-run offense of which Starkey was convicted, the district court should not have ordered restitution for her medical expenses. Because of this error, we reverse the portion of the district court's decision that orders restitution to Shapley in the amount of

$195,000. The portion of the court's decision ordering restitution to Cerro Gordo County for court costs in the amount of $477.33 is affirmed, however. *Starkey*, 437 N.W.2d at 575.

■ [¶ 16.] South Dakota's restitution statutes require a causal connection between a defendant's crime and a victim's damages. *State v. Davis*, 458 N.W.2d 812 (S.D.1990); *State v. Munk*, 453 N.W.2d 124 (S.D.1990). As in *Starkey*, 437 N.W.2d at 575, Joyce's act of leaving the scene did not cause Christopherson's injuries and resulting damages. Consequently, that portion of the judgment ordering restitution for Christopherson's medical and vehicular damages is reversed.

[¶ 17.] GILBERTSON, Chief Justice, SABERS, KONENKAMP, ZINTER and MEIERHENRY, Justices, participating.