#25540-a-DG

**2010 S.D. 98**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

THE PEOPLE OF THE STATE
OF SOUTH DAKOTA, IN THE INTEREST
OF K.K., MINOR CHILD AND
CONCERNING K.K. AND D.K., RESPONDENTS.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE FIRST JUDICIAL CIRCUIT
CHARLES MIX COUNTY, SOUTH DAKOTA

* * * *

HONORABLE BRUCE V. ANDERSON
Judge

* * * *

MARTY J. JACKLEY
Attorney General

CRAIG M. EICHSTADT
Assistant Attorney General
Pierre, South Dakota                        Attorneys for appellee.

SCOTT J. PODHRADSKY
Wagner, South Dakota                        Attorney for appellants
                                            K.K., K.K. and D.K.

* * * *

CONSIDERED ON BRIEFS
ON OCTOBER 4, 2010

OPINION FILED **12/22/10**

#25540

GILBERTSON, Chief Justice

[¶1.]        K.K. admitted to a juvenile delinquency petition alleging misprision of a felony.  The trial court ordered her to pay restitution to the owners of the bar that was burglarized.  She appeals, arguing there is not a sufficient causal connection between K.K.'s misprision of a felony and the victim's loss to require restitution. We affirm.

## FACTS

[¶2.]        In January 2009, a group of teenagers broke into the Blue Room Bar in Geddes, South Dakota.  Substantial damage was done to the building and many items, including alcohol and cigarettes, were stolen.  An investigation revealed K.K. was one of the teenagers involved.  She was sixteen at the time of the burglary. Officers interviewed K.K. and searched her home for stolen items.  None were found.

[¶3.]        A petition was filed charging K.K. with grand theft by receiving stolen property and aiding and abetting a third-degree burglary.  The petition was later amended, dropping the previous charges and alleging that K.K. committed misprision of a felony under SDCL 22-11-12.[1]  K.K. admitted to the amended petition.

---

1.      SDCL 22-11-12 defines the crime of misprision of a felony as:
             Any person who, having knowledge, which is not privileged, of
             the commission of a felony, conceals the felony, or does not
             immediately disclose the felony, including the name of the
             perpetrator, if known, and all of the other relevant known facts,
             to the proper authorities, is guilty of misprision of a felony.
             Misprision of a felony is a Class 1 misdemeanor.

-1-

[¶4.] At the adjudicatory hearing, K.K. stated she and several companions were riding around in a car the night of the burglary. They discussed breaking into the Blue Room Bar using a rock. K.K. told her companions they were not going to find any rocks near the bar and they should get a brick. This knowledge of the premises was based on her previous work for the café portion of the business. K.K. told the court that she did not witness the burglary. She stated that some of the juveniles were dropped off near the Blue Room Bar, but she remained in the car, which proceeded to drive around. The car was later summoned to pick up the companions who had burglarized the Blue Room Bar. On January 11, 2009, K.K. was called to the Sheriff's Office, where she confirmed she was in the car during the break-in. At the adjudicatory hearing, K.K. admitted being in the car immediately after the burglary occurred and either helping load the stolen items or watching them being loaded. She denied receiving any stolen merchandise, and none was found at her residence. At no point did K.K. report the crime, despite her knowledge that her companions were planning to break into the Blue Room Bar and did, in fact, do so. K.K. did not voluntarily come forward after the crime was committed.

[¶5.] The trial court stated it did not believe K.K.'s story minimizing her involvement in the burglary. The court adjudicated K.K. to be a delinquent child. Additionally, the court found a causal connection between K.K.'s conduct and the losses sustained by the Blue Room Bar. K.K. was ordered, among other things, to

pay restitution jointly and severally to the Blue Room Bar pursuant to SDCL §§ 26-8C-7(1) and 26-8B-6(4), in the total amount of $3,294.05.[2]

[¶6.] K.K. raises the following issue on appeal:

Whether the trial court erred in requiring K.K. to pay restitution.

## STANDARD OF REVIEW

[¶7.] A trial court has broad discretion in imposing restitution. *State v. Hofer*, 2008 S.D. 109, ¶ 12, 757 N.W.2d 790, 794. The trial court's findings of fact concerning a restitution award are reviewed under the clearly erroneous standard. *State v. Wingler*, 2007 S.D. 59, ¶ 7, 734 N.W.2d 795, 797 (citing *State v. Martin*, 2006 S.D. 104, ¶ 5, 724 N.W.2d 872, 874). The standard of review for statutory interpretation is de novo. *In re M.D.D.*, 2009 S.D. 94, ¶ 3, 774 N.W.2d 793, 794.

## ANALYSIS AND DECISION

[¶8.] The trial court found K.K. to be a delinquent child and ordered restitution under SDCL ch. 26-8C,[3] which governs delinquent children. On appeal, K.K. argues she should not be required to pay restitution because she did not admit

---

2. K.K. was found to be a delinquent child under SDCL ch. 26-8C. However, due to an apparent oversight by the trial court, K.K. was ordered to pay restitution pursuant to SDCL §§ 23A-28-1 and 23A-28-2(2), the adult restitution statutes. Neither party argues that K.K. was subject to adjudication as an adult. The error by the trial court appears to be inadvertent. We address this appeal as if K.K. was ordered to pay restitution pursuant to SDCL chs. 26-8B and 26-8C, the juvenile restitution statutes.

3. SDCL 26-8C-7(1) provides:
    If a child has been adjudicated as a delinquent child, the court shall enter a decree of disposition according to the least restrictive alternative available in keeping with the best interests of the child. The decree shall contain one or more of the following alternatives: (1) The court may make any one or more of the dispositions in § 26-8B-6 . . . .

involvement in the burglary, and hence there is no causal connection between her misprision of a felony and the burglary causing the damage to the Blue Room Bar. In other words, she claims the Blue Room Bar sustained losses as a result of the burglary, not her failure to report the burglary.

[¶9.]    SDCL ch. 23A-28 governs restitution to victims in criminal cases when the defendant is an adult. This Court held in *State v. Joyce*, 2004 S.D. 73, ¶ 16, 681 N.W.2d 468, 471, that "South Dakota's restitution statutes require a causal connection between a defendant's crime and a victim's damages." *See also Hofer*, 2008 S.D. 109, ¶ 27, 757 N.W.2d at 798. The State argues that even though cases decided under SDCL ch. 23A-28 do not govern juvenile cases, for purposes of burden of proof and standard of review there is no legal rationale not to apply the same standard of review in adult and juvenile cases. Therefore, the State argues that the trial court must be "reasonably satisfied" that restitution is appropriate. *Martin*, 2006 S.D. 104, ¶ 5, 724 N.W.2d at 874. Rather than contest the applicable standard, K.K. contends that factually there is no such causal connection here.

[¶10.]    The causal connection requirement for adult restitution cases is derived from the statutory language found in SDCL 23A-28-1, which provides in part, "It is the policy of this state that restitution shall be made by each violator of the criminal laws to the victims of the violator's criminal activities to the extent that the violator is reasonably able to do so." "Victim" is defined as "any person . . . who has suffered pecuniary damages *as a result of* the defendant's criminal activities." SDCL 23A-28-2(5) (emphasis added). This language indicates legislative intent that there be a connection between the violator and her criminal

activities in order for restitution to be ordered. *Hofer*, 2008 S.D. 109, ¶ 28, 757 N.W.2d at 798.

[¶11.] This Court recently held that the terms of SDCL ch. 23A-28 do not "have application in juvenile proceedings." *M.D.D.*, 2009 S.D. 94, ¶ 4, 774 N.W.2d at 794. *M.D.D.* involved a juvenile who injured another person while driving a car. *Id.* ¶ 2, 774 N.W.2d at 794. In a juvenile delinquency proceeding, she admitted her conduct constituted simple assault. *Id.* Medicaid paid the victim's medical expenses and M.D.D. was ordered to make restitution to Medicaid. *Id.* This Court held that under the juvenile delinquency statute, a delinquent child may be ordered to pay restitution to a third-party payor. *Id.* ¶ 6, 774 N.W.2d at 795. In analyzing the statutes, we explained that "the different language used in the criminal restitution statutes does not reflect legislative intent that the criminal statutes (SDCL ch[.] 23A-28) apply to restitution in juvenile proceedings under SDCL chs. 26-8B and 26-8C." *Id.* ¶ 5, 774 N.W.2d at 795. In comparison to the adult restitution statute, we concluded the juvenile statute to be drafted in "broad, unqualified language." *Id.* Because the language from the adult restitution statutes does not apply to juveniles, neither does the case law that interprets those statutes. By using different statutory language, the Legislature intended a different analysis in juvenile cases.

[¶12.] In contrast to the adult restitution statutes, the juvenile restitution statute, SDCL 26-8B-6(4), provides, "The court may require the child to pay for *any damage done to property* . . . under conditions set by the court if payment can be enforced without serious hardship or injustice to the child." (Emphasis added). The

Legislature broadly authorized courts to order restitution in juvenile cases for "any damage done to property." There is no limiting or restricting language akin to the "as a result of" language found in the adult restitution statutes. *See M.D.D.*, 2009 S.D. 94, ¶ 6, 774 N.W.2d at 795 (holding that "the Legislature did not intend to limit restitution to a particular class of persons or entities that paid medical expenses as a result of a juvenile's delinquent behavior"). Unlike adult restitution statutes, the juvenile statutes do not require that restitution be strictly associated with the crime for which the juvenile has been adjudicated. As we stated in *M.D.D.*,

> [U]nder [SDCL 23A-28-2(5)], the person seeking restitution must be a victim of "criminal activities" of a "defendant." Further, "criminal activities" only include "crime[s]" for which there is a "plea of guilty or verdict of guilty upon which a judgment of conviction may be rendered." SDCL 23A-28-2(2). Although these terms apply in criminal cases involving adults, *none of them have application in juvenile proceedings.*

*Id.* ¶ 4, 774 N.W.2d at 794 (emphasis added). Therefore, there is no statutory requirement of a strict correlation between the ultimate charge the juvenile admits to and the damage done. Such a correlation would be hampered in situations where, as here, the prosecutor and juvenile enter into a plea bargain. Furthermore, under our rules of statutory construction, we have said:

> The intent of a statute is determined from what the Legislature said, rather than what the courts think it should have said, and the court must confine itself to the language used. Words and phrases in a statute must be given their plain meaning and effect. When the language in a statute is clear, certain, and unambiguous, there is no reason for construction, and this Court's only function is to declare the meaning of the statute as clearly expressed.

*In re Guardianship of S.M.N., T.D.N and T.L.N.*, 2010 S.D. 31, ¶ 9, 781 N.W.2d 213, 218 (citing *In re Guardianship and Conservatorship for T.H.M. and M.M.M.*,

2002 S.D. 13, ¶ 7, 640 N.W.2d 68, 71). The plain meaning of the juvenile restitution statutes does not require the same causal connection between the victim's damages and the "defendant's" criminal activities as the adult restitution statute.

[¶13.] The only limiting language that applies to juveniles is found at SDCL 26-8C-7. "If a child has been adjudicated as a delinquent child, the court shall enter a decree of disposition according to the least restrictive alternative available in *keeping with the best interests of the child.*" *Id.* (emphasis added). The best interests of the child may involve restitution that is not strictly causally related. As the Legislature has directed, juvenile statutes "shall be liberally construed in favor of the child, the child's parents, and the state . . . for the purposes of *affording guidance, control, and rehabilitation* of any . . . delinquent child." SDCL 26-7A-6 (emphasis added). It may be a court's determination that it is in the best interests of a child to require restitution, considering the purposes of affording guidance, control, or rehabilitation of that child. In this case, the child was peripherally involved in the crime, and committed misprision of a felony. We conclude, because this child has some involvement in the crime, it is in her best interests to make restitution along with the other juveniles involved.

[¶14.] Even if this Court concluded that a causal connection, similar to that required in adult cases, is also required in juvenile restitution cases, K.K.'s argument would still fail. The trial court found there was a causal connection. In arguing that there is no causal connection between her failure to report the burglary and the damages sustained by the Blue Room Bar, K.K. compares her case to *Joyce*, 2004 S.D. 73, ¶ 16, 681 N.W.2d at 471. In *Joyce*, the defendant rear-ended

a vehicle and then fled the scene. *Id.* ¶ 2, 681 N.W.2d at 469. He pleaded guilty to leaving the scene of an accident and was ordered to pay restitution for the victim's medical expenses and vehicle damage. *Id.* ¶ 7, 681 N.W.2d at 469. This Court held Joyce could not be required to pay restitution because his criminal activity was fleeing the scene of an accident, which did not cause the victim's injuries and resulting damages. *Id.* ¶ 16, 681 N.W.2d at 471.

[¶15.]     However, the crime in *Joyce*, leaving the scene of an accident, was committed *after* the infliction of injuries. *See State v. Wilson*, 2005 S.D. 90, ¶ 10, 702 N.W.2d 828, 831 (affirming that in *Joyce* this Court held that the adult restitution statutes "require establishment of a 'causal connection between a defendant's crime and a victim's damages' to support an award of restitution."). The damage was already done. This case is more analogous to *Wilson*, where the defendant injured a police officer while resisting arrest. *Id.* ¶ 8, 702 N.W.2d at 830. In *Wilson*, we held that there was a sufficient causal connection to support a restitution award because the defendant's acts actually translated to the infliction of injuries. *Id.* ¶ 16, 702 N.W.2d at 832.

[¶16.]     In this case, K.K.'s failure to act resulted in financial losses and property damage to the Blue Room Bar, an injury inflicted after K.K.'s admitted commencement of criminal activity of misprision of a felony. The burglary occurred in the early morning hours of January 4, 2009. Law enforcement received an anonymous call on January 7 providing the names of some of the individuals involved. On January 9, law enforcement interviewed several of these individuals and began recovering stolen items from many locations. Some of the stolen

merchandise that was recovered had already been consumed. Officers became aware that while they were conducting their interviews and searches, other juveniles were moving and hiding stolen alcohol. It was not until January 11 that K.K. and her father went to the sheriff's office for an interview. Had K.K. reported the felony, more of the stolen property could have been recovered before it was consumed.

[¶17.] Furthermore, K.K. admitted to suggesting her companions find a brick in order to break in, to being in the car with the brick, to being present when the others were dropped off near the Blue Room Bar, and to watching or helping load the stolen items into the vehicle. She also admitted to working in the café portion of the Blue Room Bar in the past. As such, she was present for the planning of the felony, assisted in it and was present immediately after it was committed. K.K. had knowledge that a felony was going to be committed and later that a felony was in fact committed. She did not promptly disclose the felony to authorities.

[¶18.] K.K. also argues that she cannot be ordered to pay restitution because she did not plead guilty and was not convicted of burglary. But "in juvenile proceedings there are no criminal activities, crimes, pleas of guilty, verdicts of guilty, or defendants. Instead, an alleged 'delinquent child' may be subject to an 'adjudication and disposition' and can only admit or deny a juvenile petition." *M.D.D.*, 2009 SD 94, ¶ 5, 774 N.W.2d at 795. K.K.'s argument here also fails because the Legislature has decreed by statute that juvenile delinquency proceedings will follow different determinations. *See* SDCL 26-7A-43. Therefore, it

is unnecessary in juvenile restitution determinations that the delinquent juvenile admit to the exact crime from which the losses arose.

[¶19.] The standard of proof applicable to ordering restitution is the "reasonably satisfied" standard. *Martin*, 2006 S.D. 104, ¶ 5, 724 N.W.2d at 874 (citing *State v. Tuttle*, 460 N.W.2d 157, 159 (S.D. 1990)). We defer to the trial court's broad discretion in this area. *Hofer*, 2008 S.D. 109, ¶ 12, 757 N.W.2d. at 794. Based on the trial court's findings of fact regarding restitution, an issue which was briefed to the trial court by the parties, the restitution order was not an abuse of discretion. *See Wingler*, 2007 S.D. 59, ¶ 7, 734 N.W.2d at 797.

[¶20.] Affirmed.

[¶21.] KONENKAMP and ZINTER, Justices, concur.

[¶22.] MEIERHENRY and SEVERSON, Justices, concur in result.

MEIERHENRY, Justice (concurring in result).

[¶23.] I agree with the majority opinion that adult restitution statutes are not applicable to juvenile dispositions. The restitution statutes covering adult crimes are far different than those in juvenile proceedings. *See M.D.D.*, 2009 S.D. 94, 774 N.W.2d 793. The South Dakota Legislature expressed the public policy underlying adult restitution as follows:

> It is the policy of this state that restitution shall be made by each violator of the criminal laws to the victims of the violator's criminal activities to the extent that the violator is reasonably able to do so. An order of restitution may be enforced by the state or a victim named in the order to receive the restitution in the same manner as a judgment in a civil action.

SDCL 23A-28-1.

[¶24.] Restitution is defined as the "full or partial payment of pecuniary damages to a victim . . . ." SDCL 23A-28-2(4). Pecuniary damages are defined as "all damages which a victim could recover against the defendant in a civil action arising out of the same facts or event, except punitive damages and damages for pain, suffering, mental anguish, and loss of consortium." SDCL 23A-28-2(3). Nothing comparable appears in the juvenile statutes. Restitution is merely referenced as one of the alternatives a court may include as part of a juvenile disposition. SDCL 26-8C-7, 26-8B-6.

[¶25.] The statutory language allowing for restitution in juvenile matters provides that "[t]he court may require the child to pay for any damage done to property or for medical expenses under conditions set by the court if payment can be enforced without serious hardship or injustice to the child . . . ." SDCL 26-8B-6(4). We previously decided that this language allowed a court to order the child to pay a third-party payor. "[W]e conclude[d] that the Legislature did not intend to limit restitution to any particular class of persons or entities that paid medical expenses *as a result of the juvenile's delinquent behavior.*" *M.D.D.*, 2009 S.D. 94, ¶ 6, 774 N.W.2d at 795 (emphasis added). Our conclusion presumed the requirement that the damages resulted from the child's actions. *Id.*

[¶26.] That presumption is now challenged, and we have to decide if the legislative intent was for a child to pay only damages the child caused. I would hold that a causal connection between the child's actions and the damage done is required based on the plain meaning of the statutory language and its relationship to the underlying philosophy of juvenile proceedings. The Legislature has directed

that the juvenile statutes "shall be liberally construed in favor of the child, the child's parents, and the state . . . for the purposes of affording guidance, control, and rehabilitation of any child in need of supervision or any delinquent child." SDCL 26-7A-6. When a child is adjudicated a delinquent, a court is required to "enter a decree of disposition according to the least restrictive alternative available in keeping with the best interests of the child." SDCL 26-8C-7.

[¶27.] Requiring a causal connection between the child and the "damage done" fits with the legislative purpose to provide "guidance, control, and rehabilitation" and "the least restrictive alternative in keeping with the best interests of the child." SDCL 26-8B-6(4), 26-7A-6, 26-8C-7. The causal connection requirement also comports with the legislative mandate to liberally construe the statutes in favor of the child, the parents, and the state. SDCL 26-7A-6. Any other interpretation would allow a court to require a child to make restitution for damage caused by someone else. Such an interpretation seems contrary to the legislative intent and the purpose of the statutes. Thus, the statute would only allow the court to order "the child to pay for any damage [*the child has*] done to property." SDCL 26-8B-6(4).

[¶28.] But I must concur in result with the majority opinion because of the majority's alternative conclusion that the trial court did not err in finding a causal connection between K.K.'s misprision of a felony and the Blue Room Bar's damages.[4] *See supra* ¶¶ 14-16. The facts indicated that K.K. had intimate

---

4. I do, however, disagree with the majority's statement that "it is unnecessary in juvenile restitution determinations that the delinquent juvenile admit to

(continued . . .)

knowledge of the burglary before, during, and after it occurred. Thus, she committed misprision by concealing the burglary or failing to "immediately disclose" it "to the proper authorities." *See* SDCL 22-11-12. K.K.'s knowledge of the burglary verges on being an accessory. K.K.'s actions and inactions – including her suggestion that her companions burglarize the Blue Room Bar, her instruction on how to gain entry to the Bar, and her acquiescence to the crime as it took place – sufficiently contributed to causing the Blue Room Bar's damages. Not every misprision results in a causal connection to the damages of the concealed felony. Under the facts of this case, however, K.K.'s intimate knowledge (and partial involvement) as the felony transpired was enough to establish a causal connection under the juvenile restitution provision.

[¶29.]     SEVERSON, Justice, joins this concurrence.

---

(. . . continued)

the exact crime from which the losses arose." *Supra* ¶ 18. There is no authority for this statement. The statute provides: "If the petition alleges the child to be delinquent, the child may admit the allegations contained in the petition and the court may accept the admission if the court is satisfied there is a factual basis for them." SDCL 26-7A-54(2)(c).