MEIERHENRY, Justice
(concurring in result).
[¶ 23.] I agree with the majority opinion that adult restitution statutes are not applicable to juvenile dispositions. The restitution statutes covering adult crimes are far different than those in juvenile proceedings. See M.D.D., 2009 S.D. 94, 774 N.W.2d 793. The South Dakota Legislature expressed the public policy underlying adult restitution as follows:
It is the policy of this state that restitution shall be made by each violator of the criminal laws to the victims of the violator’s criminal activities to the extent that the violator is reasonably able to do so. An order of restitution may be enforced by the state or a victim named in the order to receive the restitution in the same manner as a judgment in a civil action.
SDCL 23A-28-1.
[¶ 24.] Restitution is defined as the “full or partial payment of pecuniary damages to a victim_” SDCL 23A-28-2(4). Pecuniary damages are defined as “all damages which a victim could recover against the defendant in a civil action arising out of the same facts or event, except punitive damages and damages for pain, suffering, mental anguish, and loss of consortium.” SDCL 23A-28-2(3). Nothing comparable appears in the juvenile statutes. Restitution is merely referenced as one of the alternatives a court may include as part of a juvenile disposition. SDCL 26-8C-7, 26-8B-6.
[¶ 25.] The statutory language allowing for restitution in juvenile matters provides that “[t]he court may require the child to pay for any damage done to property or for medical expenses under conditions set by the court if payment can be enforced without serious hardship or injustice to the child....” SDCL 26-8B-6(4). We previously decided that this language allowed a *31 court to order the child to pay a third-party payor. “[W]e conclude[d] that the Legislature did not intend to limit restitution to any particular class of persons or entities that paid medical expenses as a result of the juvenile’s delinquent behavior.” M.D.D., 2009 S.D. 94, ¶ 6, 774 N.W.2d at 795 (emphasis added). Our conclusion presumed the requirement that the damages resulted from the child’s actions. Id.
[¶ 26.] That presumption is now challenged, and we have to decide if the legislative intent was for a child to pay only damages the child caused. I would hold that a causal connection between the child’s actions and the damage done is required based on the plain meaning of the statutory language and its relationship to the underlying philosophy of juvenile proceedings. The Legislature has directed that the juvenile statutes “shall be liberally construed in favor of the child, the child’s parents, and the state ... for the purposes of affording guidance, control, and rehabilitation of any child in need of supervision or any delinquent child.” SDCL 26-7A-6. When a child is adjudicated a delinquent, a court is required to “enter a decree of disposition according to the least restrictive alternative available in keeping with the best interests of the child.” SDCL 26-8C-7.
[¶ 27.] Requiring a causal connection between the child and the “damage done” fits with the legislative purpose to provide “guidance, control, and rehabilitation” and “the least restrictive alternative in keeping with the best interests of the child.” SDCL 26-8B-6(4), 26-7A-6, 26-8C-7. The causal connection requirement also comports with the legislative mandate to liberally construe the statutes in favor of the child, the parents, and the state. SDCL 26-7A-6. Any other interpretation would allow a court to require a child to make restitution for damage caused by someone else. Such an interpretation seems contrary to the legislative intent and the purpose of the statutes. Thus, the statute would only allow the court to order “the child to pay for any damage [the child has] done to property.” SDCL 26-8B-6(4).
[¶ 28.] But I must concur in result with the majority opinion because of the majority’s alternative conclusion that the trial court did not err in finding a causal connection between K.K.’s misprision of a felony and the Blue Room Bar’s damages.[4] See supra ¶¶ 14-16. The facts indicated that K.K. had intimate knowledge of the burglary before, during, and after it occurred. Thus, she committed misprision by concealing the burglary or failing to “immediately disclose” it “to the proper authorities.” See SDCL 22-11-12. K.K.’s knowledge of the burglary verges on being an accessory. K.K.’s actions and inac-tions — including her suggestion that her companions burglarize the Blue Room Bar, her instruction on how to gain entry to the Bar, and her acquiescence to the crime as it took place — sufficiently contributed to causing the Blue Room Bar’s damages. Not every misprision results in a causal connection to the damages of the concealed felony. Under the facts of this case, however, K.K.’s intimate knowledge (and partial involvement) as the felony transpired was enough to establish a causal connee *32 tion under the juvenile restitution provision.
[¶ 29.] SEVERSON, Justice, joins this concurrence.

. I do, however, disagree with the majority's statement that "it is unnecessary in juvenile restitution determinations that the delinquent juvenile admit to the exact crime from which the losses arose.” Supra ¶ 18. There is no authority for this statement. The statute provides: "If the petition alleges the child to be delinquent, the child may admit the allegations contained in the petition and the court may accept the admission if the court is satisfied there is a factual basis for them.” SDCL 26-7A-54(2)(c).